UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| SCOTT ANTHONY SULLIVAN | § | |
| | § | CIVIL ACTION NO.   M-14-681 |
| VS. | § | |
| | § | CRIMINAL ACTION NO.   M-05-792-1 |
| UNITED STATES OF AMERICA | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pending before the Court is Movant Scott Anthony Sullivan's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, which had been referred to the Magistrate Court for a report and recommendation. On April 19, 2017, the Magistrate Court issued the Report and Recommendation, recommending that Movant's § 2255 motion to vacate be denied, that Movant be denied a certificate of appealability, and that this action be dismissed. Movant has filed timely objections[1] to the Magistrate Court's Report and Recommendation wherein he raises three objections.

Sullivan first specifically objects to the Magistrate Judge's conclusion that trial counsel's advice that Sullivan not testify was sound trial strategy. Sullivan does not dispute any of the Magistrate Judge's factual finding which support his conclusion; he simply disagrees with the conclusion. In particular Sullivan argues that in a "he-said, she-said" case, his testimony was required. Sullivan conveniently overlooks the fact that the jury heard from other witnesses who supported the victim's testimony and that the jury did not hear from other alleged victims because the two counts were severed and because Sullivan did not testify. Thus, this was not simply a "he-said, she-said" case.

Sullivan's second and third objections address the Magistrate Judge's conclusion that there was no error in the verdict form and that trial counsel was not ineffective in failing to object to the

---

[1] Dkt. No. 20.

order of the questions presented in the verdict form. Sullivan contends that the Fifth Circuit opinion contains a syllogism supporting his position that whatever structural error may have existed in the verdict form necessarily meant that the jury was not properly instructed. Sullivan reads too much into the Fifth Circuit opinion. To quote the Fifth Circuit, "even if the verdict form was erroneously structured," "[t]o instruct the jury on the aggravated offense require[d] instructions as to all the elements of the basic offense and that the offense involved aggravated sexual abuse."[2] The Fifth Circuit, by implication found that the jury was properly instructed as to all elements. Therefore, Sullivan cannot show prejudice of trial counsel in failing to object.

Thus, pursuant to 28 U.S.C. § 636(b)(1)(c), the Court has made a de novo determination of those portions of the report to which objections have been made. As to those portions to which no objections have been made, in accordance with Federal Rule of Civil Procedure 72(b), the Court has reviewed the report for clear error.

Having thus reviewed the record in this case, the parties' filing and the applicable law, the Court adopts the Report and Recommendation in its entirety. Accordingly, it is hereby ORDERED that Movant's § 2255 Motion to Vacate is **DENIED**, that Movant is denied a certificate of appealability, and that this action is **DISMISSED**.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 5th day of June, 2017.

_____
Micaela Alvarez
United States District Judge

---

[2] Criminal Case No. 7:05-cr-792, Dkt. No. 174, p. 3.